# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JOHN T. HARMON, : | |
| : | |
| Plaintiff, : | |
| : | NO. 5:08-CV-157 (MTT) |
| VS. : | |
| : | |
| WILLIAM TERRY, *et al.*, : | |
| : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants William Terry, Clinton Perry, and Officer Ducota. Doc. 73. Defendants contend that Plaintiff lacks standing to bring this case because he cannot show actual injury as a result of Defendants' alleged actions. It is hereby **RECOMMENDED** that the Motion to Dismiss be **GRANTED**.

In his Amended Complaint, Plaintiff alleges that the Defendants violated his constitutional right of access to the courts by intentionally delaying the mailing of an appeal. As a result of the delay, the appeal was dismissed as untimely. Because the appeal itself was frivolous, however, Plaintiff did not suffer an actual injury because of the delay, and he therefore lacks standing to bring suit in this case.

Plaintiff was seeking to appeal an order of the Superior Court of Fulton County denying his motion to correct an illegal or void sentence. In that motion, Plaintiff challenged the sentence imposed after he entered a guilty plea in 1997 to the offenses of public indecency, child molestation, and sexual battery. The Superior Court denied his motion on December 13, 2007. Plaintiff had thirty days to file his appeal. On January 7, 2008, twenty-five days after the order was entered,

-1-

Plaintiff gave Macon State Prison employee Carmen Grimsley a completed application for indigent postage along with two envelopes containing his direct appeal. The letter was stamped by the prison's business office on January 14, 2008, seven days after Plaintiff submitted it for mailing and thirty-two days after the Superior Court entered its order. It was received by the Court of Appeals three days later, on January 17, 2008. The Court of Appeals dismissed the appeal as untimely, because it was placed in the mail more than thirty days after the entry of the order in the Superior Court.

The Amended Complaint states a claim for denial of access to the courts in violation of the due process clause of the Fourteenth Amendment. Courts have long recognized that the constitutional guarantee of due process requires states "to shoulder affirmative obligations to assure all prisoners meaningful access to the courts." Bounds v. Smith, 430 U.S. 817, 824 (1977). One such obligation is the obligation to "permit the prisoner meaningful access to the postal system, as this is typically the only manner in which a prisoner may communicate with the court." Gramenga v. Johnson, 846 F.2d 675 (11th Cir. 1988). In Gramenga, the Eleventh Circuit found that a prison's "practice of allowing mail to accumulate before forwarding it to the prisoners unconstitutionally infringes on their right of access to the courts." Id. at 677. The Amended Complaint in this case alleges that Macon State Prison had a practice of delaying the mailing of prisoner's court correspondence. This practice implicates exactly the same constitutional interest recognized in Gramenga.

Although the Amended Complaint states a claim for violation of the right of access to courts, Plaintiff must also establish that he has standing to bring such a suit. To establish standing, a prisoner must show an actual injury; that is, he must show that "the prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the

inmate's efforts to pursue a nonfrivolous legal claim." Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998).

The facts as alleged in the Amended Complaint show that Plaintiff's efforts to pursue his appeal were frustrated and impeded by prison officials. Plaintiff's appeal was dismissed as untimely, and was never considered on the merits by the Court of Appeals. Had the appeal been placed in the mail when submitted by Plaintiff, or even within five days of being submitted by Plaintiff, it would have been timely. The Eleventh Circuit has explicitly stated that "missing filing deadlines is an example of an actual injury." Hall v. Secretary for the Dept. of Corrections, 304 F.3d 848, 850 (11th Cir. 2008) (quoting Wilson v. Blankenship, 163 F.3d 1284, 1290 n. 10 (11th Cir. 1998)).

The Supreme Court has indicated, however, that standing may require a further showing that the frustrated claim was not frivolous. In a footnote to the majority opinion in Lewis v. Casey, 518 U.S. 343, 353 n. 3 (1996), Justice Scalia argues with Justice Souter and asserts that a prisoner who is deprived of the right to present a frivolous claim has not suffered an actual injury:

> Not everyone who can point to some "concrete" act [that] is "adverse" can call in the courts to examine the propriety of executive action, but only someone who has been actually injured. Depriving someone of an arguable (though not yet established) claim inflicts actual injury because it deprives him of something of value – arguable claims are settled, bought, and sold. Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.

As Justice Scalia suggests, a claim is frivolous only if it "lacks an arguable basis either in law or in fact." See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

To determine whether Plaintiff has alleged an actual injury, then, the Court must examine the merits of Plaintiff's proposed appeal to determine whether it is frivolous. Defendants have submitted a copy of Plaintiff's original motion to correct a void or illegal sentence, and Plaintiff has

not disputed the authenticity or accuracy of the document.[1]  This document shows that Plaintiff's claim was based on his argument that the sexual battery and public indecency counts in counts two and three of the indictment should have merged into the first count of child molestation.  Plaintiff's claim is foreclosed by clearly established law.  The Georgia Court of Appeals has previously held that a criminal defendant who enters a guilty plea is estopped from arguing merger on appeal. Sanders v. State, 282 Ga. App. 834 (2006).

In fact, the Court of Appeals had previously rejected Plaintiff's merger argument itself in his appeal of a subsequent conviction.  See Harmon v. State, 281 Ga. App. 35 (2006).  In that later case, Plaintiff was convicted once again on charges of public indecency and sexual battery.  Because of prior convictions for public indecency, including the 1997 conviction at issue in this case, Plaintiff was sentenced as a felon.  Id. at 39.  Plaintiff argued on appeal that the 1997 conviction for public indecency could not be used to enhance his sentencing because the charge should have merged into the child molestation charge.  The Court of Appeals rejected this argument and held that Plaintiff's prior guilty plea estopped him from arguing that the counts should have merged.  Id.  Given this unequivocal rejection of Plaintiff's argument by Georgia's Court of Appeals, it is apparent that his claim has no arguable basis in fact or law.  As such, Plaintiff's appeal was frivolous, and he has suffered no actual injury as a result of the Defendants' alleged constitutional violation. In the absence of actual injury, Plaintiff lacks standing to bring suit.  Accordingly, **IT IS RECOMMENDED** that the Defendants' Motion to Dismiss be **GRANTED**.

---

[1] "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."  SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337 (11th Cir.2010).

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 16th day of February, 2011.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge